UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMERA RAYNELL RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:26-cv-888-CAB-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IFP APPLICATION;**<br><br>**(2) GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT;**<br><br>**(3) DISMISSING COMPLAINT; and**<br><br>**(4) DENYING VARIOUS MOTIONS.**<br><br>**[Doc. Nos. 2–6, 10]** |

Plaintiff Tamera Raynell Richardson, proceeding pro se, brings suit against Defendant United States of America under the Federal Tort Claims Act ("FTCA") for alleged injuries she suffered from negligent medical care provided by "federally funded and federally deemed healthcare providers acting within the scope of federal employment." [Doc. No. 11 ("Second Amended Complaint") at 1.]

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a motion to proceed *in forma pauperis* ("IFP") pursuant to

1

28 U.S.C. § 1915(a). [Doc. No. 5.] Plaintiff also filed five other motions: for a writ of mandamus, for leave to electronically file documents, for expedited consideration, to amend the original complaint, and for service by U.S. marshals. [Doc Nos. 2–4, 6, 10.]

For the reasons below, the Court **GRANTS** the motion to proceed IFP, **GRANTS** the motion to amend the complaint, **DENIES** the motion for leave to electronically file documents, **DISMISSES** the Second Amended Complaint, and **DENIES AS MOOT** the remaining motions.

## I.   MOTION TO PROCEED IFP

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Richardson states her income is $509 per month in public assistance benefits with $761 in monthly expenses. [*See generally* Doc. No. 5.] Richardson sufficiently alleges that she cannot pay court costs and still afford the necessities of life. The Court **GRANTS** her motion to proceed IFP. [Doc. No. 5.]

## II.   MOTION TO AMEND COMPLAINT

Richardson filed her initial complaint on February 12, 2026. [Doc. No. 1.] She then filed a motion to amend the complaint on February 26, 2026. [Doc. No. 6.] Before the Court ruled on the motion, she filed an amended complaint on the same day, [Doc. No. 7], and then a second amended complaint on April 28, 2026, [Doc. No. 11].

3:26-cv-888-CAB-JLB

Courts are to allow amendments to pleadings with extreme liberality, particularly where the party seeking leave to amend is appearing pro se. *See Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). As such, the Court **GRANTS** the motion to amend, [Doc. No. 6], and treats Richardson's Second Amended Complaint as the operative complaint.

### III.   MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS

Richardson seeks permission to electronically file documents with the Court. [Doc. No. 3.] District rules require a motion for leave to electronically file to comply with the Electronic Case Filing Administrative Policies and Procedures Manual, which includes the applicant confirming they possess the necessary hardware and software. Richardson does not confirm within her motion whether she has "regular access to the technical requirements necessary to e-file successfully[.]" [Doc. No. 3.] Indeed, she left every box on the standard form unchecked. [*Id.*] Accordingly, the Court **DENIES** the motion for leave to electronically file documents.

### IV.   SCREENING OF THE COMPLAINT

#### A.   Legal Standard

A plaintiff proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(b)(ii) is the same as the Federal Rule of

3:26-cv-888-CAB-JLB

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court construes pro se pleadings liberally. *See Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

### B.    Discussion

Richardson alleges that on December 17, 1993, she received a Depo-Provera injection after giving birth to her child without being "adequately informed of material risks associated with prolonged use of Depo-Provera." [Doc. No. 11 at 3.] The medical providers were allegedly "associated with federally supported healthcare services." [*Id.*] Richardson alleges she continued to receive Depo-Provera injections at multiple, federally funded healthcare facilities and "experienced progressive medical complications consistent with prolonged exposure to Depo-Provera." [*Id.*] She alleges the medical providers who treated her were negligent.

Richardson's negligence claim fails for various reasons. To begin, the complaint lacks "sufficient factual matter." *See Iqbal*, 556 U.S. at 678. Richardson does not allege who the relevant medical providers were, what healthcare facilities she received treatment at, or what exact injuries she sustained. Moreover, "the extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992). The Court cannot determine what state's substantive law applies given that Richardson does not specify when or where the alleged events occurred or which medical personnel were involved. *See Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts.").

Furthermore, Richardson fails to sufficiently allege that she exhausted her administrative remedies. The FTCA bars any tort claim against the federal government unless the claim is filed with "the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "In a medical malpractice case under the FTCA, a

3:26-cv-888-CAB-JLB

claim accrues when then plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018).

Richardson alleges she filed her administrative tort claim with the U.S. Department of Health & Human Services on June 24, 2025. [Doc. No. 9 at 3; Doc. No. 11 at 2.] Thus, to not have her claim barred, she must have learned of the existence and cause of her injury no earlier than June 24, 2023. Richardson alleges no facts concerning what her injury is or when she discovered it. She provides one date in 1993 for the initial Depo-Provera injection, but not a single date after even though she alleges other injections at different facilities over "an extended period[.]" [Doc. No. 11 at 3.]

Accordingly, the Court **DISMISSES** Richardson's complaint with leave to amend. [Doc. No. 11.] Richardson must file any amended complaint by **June 26, 2026**. The amended complaint must be complete in itself without reference to the superseded pleading. *See* CivLR 15.1(a). Richardson must also include a version of the newly amended complaint that shows through redlining how it differs from this dismissed complaint. *See* CivLR 15.1(c).

## V.    REMAINING MOTIONS

With the complaint dismissed, the Court **DENIES AS MOOT** the motions for writ of mandamus, for expedited consideration and immediate judgment, and for service by U.S. marshals. [Doc. Nos. 2, 4, and 10.]

It is **SO ORDERED**.

Dated:  May 26, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-888-CAB-JLB