UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMERA RAYNELL RICHARDSON, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | Case No.: 26-cv-00888-CAB-JLB **ORDER DISMISSING THIRD AMENDED COMPLAINT WITH PREJUDICE** |

Pro se Plaintiff Tamera Raynell Richardson has filed a Third Amended Complaint, [Doc. No. 13 ("TAC")], alleging medical negligence under the Federal Tort Claims Act ("FTCA") against medical providers who treated her over a decade ago. For the following reasons, the Court **DISMISSES** the TAC **WITH PREJUDICE** as discussed below.

## I. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)

### A. Standard of Review

Because Plaintiff proceeds IFP, her TAC requires preliminary screening under 28 U.S.C. § 1915(e)(2)(B). *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). The TAC shall be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (cleaned up).

**B. Plaintiff's Allegations**

Plaintiff brings a single claim for medical negligence under the FTCA arising from her treatment by medical providers at two separate facilities: Swope Medical Center ("Swope") and Truman Medical Center ("Truman"). During 2014–2015, Plaintiff received Depo-Provera injections at Swope, experienced abnormal uterine bleeding, and was evaluated by Swope medical providers. [TAC at 3–4.] Starting in December 2015, Plaintiff was seen at Truman for abnormal uterine bleeding and ultimately received a hysterectomy with bilateral fimbriectomy/bilateral salpingectomy there on February 18, 2016. [*Id.* at 5.]

Plaintiff alleges that her medical providers breached their duties of care by "failing to adequately monitor and reassess persistent abnormal uterine bleeding after Depo-Provera/DMPA treatment; failing to ensure timely follow-up of ordered pelvic and transvaginal ultrasound studies; failing to reassess after persistent bleeding continued despite medical management and benign biopsy; failing to adequately evaluate organ-sparing alternatives; and failing to provide adequate informed consent before irreversible

hysterectomy." [TAC at 9.] According to Plaintiff, these failures resulted in "hysterectomy-related injury, permanent reproductive loss, post-hysterectomy symptoms, pain, suffering, emotional distress, and continuing damages." [*Id.*]

**C. Sovereign Immunity Under the FTCA**

The FTCA waives the government's sovereign immunity for tort claims arising out of negligent conduct of federal employees acting within the scope of their employment. *Gager v. United States*, 149 F.3d 918, 920 (9th Cir. 1998). In an attempt to incentivize medical providers to work at federally funded health centers, Congress passed a law "deeming" certain federally funded health center employees as federal employees for purposes of the FTCA. *See* 42 U.S.C. § 233(g); *Blumberger v. Tilley*, 115 F.4th 1113, 1117 (9th Cir. 2024).

Plaintiff alleges that Swope was deemed a federal health center at the relevant time(s) and that Swope providers acted within the scope of deemed federal employment for FTCA purposes when they cared for her. [TAC at 3.] Taking those allegations as true for the purposes of screening, Defendant may be held liable for the alleged care by Swope providers.

Plaintiff does not allege, however, that Truman was a federally deemed health center at the relevant time(s) or that the Truman providers who treated her acted within the scope of deemed federal employment for FTCA purposes. Therefore, as currently pled in the TAC, Defendant may not be held liable for the alleged care by Truman providers, namely Plaintiff's hysterectomy.

**D. Statute of Limitations**

The FTCA bars any tort claim against the federal government unless the claim is filed with "the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "The date on which a claim accrues is determined by federal law." *Landreth ex rel. Ore v. United States*, 850 F.2d 532, 533 (9th Cir. 1988). "In a medical malpractice case under the FTCA, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Id.* The

plaintiff need not know who caused the injury or that the injury was caused by negligence in order for the claim to accrue. *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018). Plaintiff alleges she filed her administrative tort claim with the U.S. Department of Health & Human Services ("HHS") on June 24, 2025. [TAC at 2.] Thus, Plaintiff's claim must have accrued no earlier than June 24, 2023. The Court finds that Plaintiff's claim accrued far earlier than this and so is time-barred.

All of the alleged medical care in this case was provided nearly a decade before Plaintiff filed her claim with HHS. Plaintiff's injury is her February 18, 2016 hysterectomy, which according to her was unnecessary and/or performed without adequate informed consent. [*Id.* at 8.] This surgery was performed at Truman. As the Court discussed, Plaintiff has not alleged sufficient information showing that Truman was a deemed healthcare center or that Plaintiff's Truman providers acted within the scope of deemed federal employment for FTCA purposes when they cared for her, so Plaintiff has not sufficiently alleged liability for the care she received at Truman pursuant to FTCA. And even if Plaintiff could allege Truman and its providers came within the FTCA, her claim is time-barred because she admits that she knew in 2016 that she experienced abnormal uterine bleeding and underwent hysterectomy. [*Id.* 7.] She therefore knew her injury—an irreversible hysterectomy—well before 2024.

With regard to the medical care provided by Swope between 2014 and 2015, Plaintiff argues that she did not previously "understand that earlier medical care may have involved negligent failures of monitoring, diagnostic follow-up, [or] reassessment" or "appreciate the significance of the complete treatment chronology" until she reviewed her medical records in "approximately October-November 2024." [*Id.* at 7.] It was only "[a]fter recognizing a potential basis for a negligence claim" that she presented her negligence claim to HHS in June 2025. [*Id.* at 8.] But a claim accrues when a plaintiff "has knowledge of the injury and its cause, and not when the plaintiff has knowledge of legal fault." *Tunac*, 897 F.3d at 1206 (*quoting Rosales v. United States*, 824 F.2d 799, 805 (9th Cir. 1987)). The TAC itself details contemporaneous records of Plaintiff's visits to Swope and their

connection with her Depo-Provera treatment. For example, an April 14, 2015 record "documented irregular menstrual bleeding associated with Depo-Provera treatment history, including the chart phrase 'Periods: IRREGULAR: DEPO." [TAC at 4.]

Plaintiff's medical negligence claim based on the actions of Truman and Swope providers is therefore **DISMISSED WITH PREJUDICE** as time-barred under the FTCA. The Court does so with prejudice because the Court previously advised Plaintiff of the requirement to timely present her claim under the FTCA and provided her with the opportunity to file an amended complaint with relevant dates sufficient to establish that her claim is not time-barred. [Doc. No. 12.] *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if . . . the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies [.]").

### E. Failure to State a Claim

Regardless of the FTCA's time bar, the TAC would also require dismissal because it does not plausibly state a claim for medical negligence. To state a claim for medical negligence under either California or Missouri law, a plaintiff must plead the standard of care, a breach of that standard, and that this breach caused the plaintiff's injury. *Doe v. United States*, 704 F. Supp. 3d 1049, 1055 (C.D. Cal. 2023) (discussing medical negligence elements under California law); *Hunter v. United States*, No. 4:21-CV-232-MTS, 2022 WL 3975150, at *3 (E.D. Mo. Sept. 1, 2022) (discussing medical negligence elements under Missouri law). *See also Molzof v. United States*, 502 U.S. 301, 305 (1992) ("[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law.")

Here, the TAC does not allege the relevant standard of care, how her medical providers breached that standard, or in the case of Swope, how its providers' alleged breach caused Plaintiff's hysterectomy at Truman. Conclusory statements, such as that medical providers "fail[ed] to adequately monitor and reassess persistent abnormal uterine bleedings after Depo-Provera/DMPA treatment" [TAC at 9], do not suffice, particularly

where the TAC details Plaintiff's numerous visits with providers including assessments, ultrasound testing, biopsy, emergency room visits and other follow-up for the reported abnormal bleeding over the course of several years. [*Id.* at 3–6.] The TAC also does not allege how Plaintiff's hysterectomy at Truman was caused by an alleged breach of the duty of care owed by different providers at a different medical facility (Swope).

## II. CONCLUSION

Based on the foregoing, the Court **DISMISSES** the TAC **WITH PREJUDICE**.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: September 25, 2026

Hon. Cathy Ann Bencivengo
United States District Judge